## MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 04 2015, 8:57 am
CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Robert J. Henke
James D. Boyer
Deputy Attorney General
Indianapolis, Indiana

---

IN THE
# COURT OF APPEALS OF INDIANA

---

In the Matter of the Termination of the Parent-Child Relationship of:

K.H. (Minor Child)

And

P.V. (Father),

*Appellant-Respondent,*

v.

The Indiana Department of Child Services,

*Appellee-Petitioner.*

November 4, 2015

Court of Appeals Case No.
79A02-1412-JT-858

Appeal from the Tippecanoe Superior Court

The Honorable Faith A. Graham, Judge

The Honorable Crystal A. Sanders, Magistrate

Trial Court Cause No.
79D03-1403-JT-10

---

**Riley, Judge.**

[1]  In a memorandum decision, our court affirmed the trial court's Order terminating the parental rights of Appellant-Respondent, P.V., to his minor child, K.H.  *In re Termination of the Parent Child Relationship of K.H.*, No. 79A02-1412-JT-858, 2015 WL 4642586 (Ind. Ct. App. Aug. 5, 2015).  In our decision, we included the following footnote:

> In accordance with the revised Administrative Rule 9(G), certain evidence was submitted to our court which is declared confidential and must be excluded from public access. *See* Ind. Administrative Rule 9(G)(2); Ind. Code § 31–39–1–2 (declaring the confidentiality of juvenile court records). Despite the parties' non-compliance with the Administrative Rule, we have endeavored to maintain confidentiality on appeal. However, as a number of facts derived from the confidential records are "essential to the resolution of litigation[,]" we have included confidential information in this decision only to the extent necessary to resolve this appeal. Admin. R. 9(G)(7)(a)(ii)(c).

*Id.* at *1 n.1.

[2]  The State has petitioned for rehearing, arguing that the footnote is not applicable because "neither party in this case was in 'non-compliance with the Administrative Rule [9(G)].'"  (State's Petition for Reh'g p. 3).  As the footnote indicates, juvenile court records are declared confidential pursuant to Indiana Code section 31-39-1-2.  According to Indiana Administrative Rule 9(G)(1)(a), "where all Court Records are declared confidential by statute or another court rule[,]" the entire case must be excluded from public access.  As here, where the

entire record—as opposed to only a portion thereof—is excluded from public access, "[t]he green paper requirements set forth in [Indiana Administrative Rule] 9(G)(5)(b) do not apply." Admin. R. 9(G)(5)(b)(iii). Therefore, we grant the State's petition for rehearing for the limited purpose of deleting Footnote 1 regarding Indiana Administrative Rule 9(G). We affirm our decision in all other respects.

Bailey, J. and Barnes, J. concur